UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
FEB 25  8 35 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

LORENZO CASE           :
                       :           PRISONER
    v.                 :    Case No. 3:01cv1966(JBA)(JGM)
                       :
DAVID STRANGE, et al.[1]   :

RULING AND ORDER

The plaintiff, Lorenzo Case, filed this civil rights action pro se pursuant to 28 U.S.C. § 1915. He claims the defendants used information in his prison file to deny him early release and the proper classification level. The defendants have filed a motion for judgment on the pleadings on the ground that this action violates the prior pending action doctrine. For the reasons that follow, the defendants' motion is granted.

Standard of Review

The Rule 12(c) standard for a motion for judgment on the pleadings is essentially the same as that applied to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir. 1994) (citing Ad-Hoc Comm. of the Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College, 835 F.2d 980, 982 (2d Cir. 1987)), cert. denied, 513 U.S. 816 (1994); LoSacco v. City of Middletown, 745 F. Supp. 812,

---

[1] The named defendants are Warden David Strange and Major John Sieminski.

814 (D. Conn. 1990). When reviewing the motion, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Sheppard, 18 F.3d at 150. Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review, the court may consider "only the acts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F. 2d 12, 15 (2d Cir. 1993).

## Facts

In December 2000, defendant Sieminski informed the plaintiff that his sex treatment needs score would not change. On March 1, 2001, a Superior Court Judge granted plaintiff's motion to remove two nolled offenses from the plaintiff's 1990 state criminal case. On March 20, 2001, a Superior Court Judge granted

plaintiff's motion to remove the police report involving the nolled offenses from the plaintiff's Department of Correction records. On June 6, 2001, a Supervisor from the State Police Bureau of Identification informed the plaintiff that she had deleted the two nolled offense from the docket of the plaintiff's state criminal case. The supervisor noted that two other offenses remained on the docket. The Bloomfield Police Department also notified the plaintiff on June 18, 2001, that the Department's Record Division had deleted the two nolled offenses from his criminal record. On June 26, 2001, Warden Strange informed the plaintiff that the Department of Correction still had the police report associated with the two nolled offenses and that based on the information in the report he would not recommend a change in the plaintiff's classification level. The plaintiff's classification level remained at level three. The plaintiff seeks declaratory and injunctive relief and monetary damages.

## Discussion

The defendants raise four arguments in support of their motion for judgment on the pleadings: (1) the action is barred by the prior pending action doctrine; (2) the claims fail to state a claim upon which relief may be granted; (3) the claims for damages against them in their official capacities are barred by the Eleventh Amendment and (4) they are entitled to qualified immunity. The plaintiff has not responded to the motion despite

two orders from the court.² (See docs. ## 25, 26.)

The defendants first argue that this action is barred by the plaintiff's prior pending action in state court. The defendants state that the plaintiff commenced a civil action in state court in July 2001³ challenging the Department of Correction's failure to remove information from his prison record despite a court order to do so. This action was commenced at the earliest on October 3, 2001, the day the complaint and in forma pauperis application were presumably handed to prison officials for mailing to the court.⁴ See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison

---

²In August 2003, the plaintiff contacted the court by telephone and informed the Clerk that he had moved to 84 Sterling Street, Hartford, Connecticut 06112. The Clerk informed the plaintiff that he must provide written notice of his new address to the court. The court had previously informed the plaintiff that he must provide the court with any change of address in writing. To date, the plaintiff has not provided a written notice of his new address and has failed to respond to the motion for judgment on the pleadings or seek an extension of time to respond. Both orders directing the plaintiff to respond to the motion to dismiss and file a written notice of change of address were mailed to the plaintiff at the Sterling Street address. Neither order has been returned to the court as undeliverable and the plaintiff has made no attempt to contact the court in any manner.

³The court takes judicial notice of the state petition for writ of mandamus, a copy of which is attached to the defendants' motion to dismiss.

⁴Here, the complaint is dated October 2, 2001, but the ledger sheets attached to the in forma pauperis application are dated October 3, 2001.

4

officials to be forwarded to the court) (citing <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988)).

A district court enjoys substantial discretion to manage its docket efficiently to avoid duplicate litigation. To achieve this result, a court may dismiss an action when a prior pending action has been filed as long as the "controlling issues in the dismissed action will be determined in the other lawsuit." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1360, at 442 (2d ed. 1990). The purpose of this rule is "to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . ." <u>Colortyme Financial Servs., Inc. v. Kivalina Corp.</u>, 940 F. Supp. 269, 272 (D. Haw. 1996) (internal quotation marks and citations omitted). The general rule is that the first suit to be filed should have priority "absent the showing of balance of convenience in favor of the second action." <u>Adam v. Jacobs</u>, 950 F.2d 89, 93-94 (2d Cir. 1991) (internal quotation marks and citation omitted). When it is possible that, through amendment, each action may contain all of the issues and parties presently contained in either action, the continuation of the first action to be filed is favored. See <u>Hammett v. Warner Brothers Pictures, Inc.</u>, 176 F.2d 145, 150 (2d Cir. 1949); <u>Gyadu v. Hartford Ins. Co.</u>, No. 3:96 cv1755 (D. Conn. Apr. 21, 1997) (Squatrito, J.) (dismissing case under "prior pending action doctrine" where plaintiff could raise all causes of action by

amended complaint in his first action), aff'd, 133 F.3d 907 (2d Cir. 1998). The court may rely on a comparison of the pleadings filed in the two actions in determining whether a claim is barred by the prior pending action doctrine. See Connecticut Fund for the Environment v. Contract Plating Co., 631 F. Supp. 1291, 1293 (D. Conn. 1986).

In support of their motion, the defendants argue that the claims in the state action are essentially identical to the claims in the present action. Having compared the substance of the state and federal pleadings, the court can discern no reason why the plaintiff could not have amended his state court action to add the named defendants in this action and to add a claim for monetary damages. The state court action is a mandamus action, not a habeas petition. Thus, the motion to dismiss is granted on the ground that this action is barred by the plaintiff's prior pending state action.[5]

---

[5] Because the court has dismissed the complaint as barred by the prior pending action doctrine, it does not need to address the defendants' remaining arguments.

6

<u>Conclusion</u>

The Defendants' Motion to Dismiss [**doc. #20**] is **GRANTED**. The Clerk is directed to close this case.

IT IS SO ORDERED.

_____
Janet Bond Arterton
United States District Judge

Dated in New Haven, Connecticut: <u>February 24, 2004</u>